**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| J & J Sports Productions Inc., | ) | No. CV-12-02406-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Erario Pineda; ET LLC, | ) ) | |
| Defendants. | ) ) ) | |

The court has before it plaintiff's motion for entry of default judgment (doc. 14). Plaintiff was granted the exclusive commercial right to distribute the *"Tactical Warfare": Manny Pacquiao v. Antonio Margarito, WBC Light Middleweight Championship Fight Program* telecast on Saturday, November 13, 2010 via closed-circuit television ("the Program"). Plaintiff alleges that defendants willfully and unlawfully intercepted and exhibited the Program at La Cabana, a drink establishment located in Glendale, Arizona, in violation of 47 U.S.C. § 605 (governing unlawful interception of satellite signals).[1] Although served, defendants have failed to answer or otherwise respond to the complaint. The clerk entered default against defendants on February 20, 2013 (doc. 12). Plaintiff now seeks

---

[1] Plaintiff's complaint also seeks relief under 47 U.S.C. § 553, which governs the unauthorized interception of cable communications. In its motion for default judgment, however, plaintiff requests recovery under 47 U.S.C. § 605 only.

1  default judgment against defendants in the amount of $114,200.00, plus attorney's fees and
2  costs.

3  Section 605(a) of the Communications Act prohibits the unauthorized receipt and use
4  of radio communications, including satellite television signals, for one's own benefit or the
5  benefit of another. DirecTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008). Under § 605,
6  a plaintiff can recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C).
7  Statutory damages are available "in a sum of not less than $1,000 or more than $10,000" for
8  each violation "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). To determine
9  an appropriate reward, the court balances the need to deter future illegal conduct against the
10 harm that will result to the defendant's business if significant damages are assessed.
11 Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

12 If a court "finds that the violation was committed willfully and for purposes of direct
13 or indirect commercial advantage or private financial gain," it may exercise discretion and
14 increase the damages award by up to $100,000 per violation. 47 U.S.C. § 605(e)(3)(C)(ii).
15 "Courts use a variety of factors in determining whether a defendant's conduct is subject to
16 enhanced damages for willfulness under § 605, including prior infringements, substantial
17 unlawful monetary gains, significant actual damages to the plaintiff, the defendant's
18 advertising of the broadcast, and the defendant's charging a cover charge or premium for
19 food and drinks during the broadcast." Kingvision Pay-Per-View, Ltd. v. Guzman, 2008 WL
20 1924988, at *3 (D. Ariz. April 30, 2008).

21 By defaulting, defendants admit that they intercepted and exhibited the Program to
22 their patrons without obtaining a license from plaintiff in violation of 47 U.S.C. § 605, and
23 did so "willfully and for purposes of direct and/or indirect commercial advantage and/or
24 private financial gain." Compl. ¶ 20 (doc. 1). We conclude that statutory damages under §
25 605(e)(3)(C)(i)(II) in the amount of $3,000 is appropriate. Plaintiff's request for enhanced
26 damages of $100,000, however, is "manifestly excessive." See Joe Hand Promotions, Inc.
27 v. Streshly, 655 F. Supp. 2d 1136, 1139 (S. D. Cal. 2009) (stating that the court will "not
28 indulge Plaintiff's attempt to obtain the biggest judgment it can by filing cookie-cutter

pleadings").

The Cabana is a commercial establishment with a maximum capacity of 200 people. According to plaintiff's investigator, there were approximately 200 patrons in the establishment while the Program was displayed on one television. Patrons were not charged a cover fee, and there is no evidence that defendants advertised the Program to draw additional crowds, or charged either a cover fee or a premium for food or drinks. Affidavit at 2. Moreover there are no allegations of prior infringement or of plaintiff's having suffered significant actual damages. Therefore, under the facts of this case, we conclude that an enhanced damages award of $2,000 is reasonable. A total damages award of $5,000 will both compensate plaintiff and act as a deterrent against future violations.

Plaintiff also seeks $4,200 in damages for conversion. However, it presents no argument or evidence to support this request. We decline to award any additional damages on the conversion claim.

Finally, plaintiff's general request for attorney's fees is denied. Plaintiff must file a motion for attorney's fees in accordance with LRCiv 54.2. Plaintiff's counsel should charge only for hours actually expended on this case, taking into account the boilerplate pleadings and motion-related forms used by this counsel in hundreds of other similar actions.

**IT IS ORDERED GRANTING** plaintiff's motion for default judgment (doc. 14). The clerk shall enter judgment in favor of plaintiff and against defendants in the total amount of $5,000.

DATED this 23rd day of April, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge